# DOMINGA ENRIQUETA DUMEY

*v.*

# YSABEL HERNANDEZ Y BELLO ET AL.

Equity, No. 646.

1. Courts of the United States have no jurisdiction in matters that are strictly probate in character. Amsterdam v. Puente, 3 Porto Rico Fed. Rep. 447, followed.

2. Inasmuch as the jurisdiction of the courts of the United States is derived from the Federal Constitution and statutes, in so far as controversies between citizens of different states arise which are within the established equity jurisdiction of the Federal courts, which is like unto the High Court of Chancery in England at the time of the adoption of the judiciary act of 1789, the jurisdiction may be exercised, and is not subject to limitations or restraint by state legislation establishing courts of probate, and giving them jurisdiction over similar matters.

3. Federal courts have uniformly maintained their right as courts of chancery to exercise original jurisdiction when the proper diversity of citizenship exists, in favor of heirs, to establish their claim and have a proper execution of the trust as to them. Waterman v. Canal-Louisiana Bank & T. Co. 215 U. S. 33, 54 L. ed. —, 30 Sup. Ct. Rep. 10, followed.

Opinion filed March 10, 1910.

*Messrs. N. B. K. Pettingill* and *R. H. Todd,* attorneys for the complainant.

*Messrs. Tord, Toro, & Canales*, attorneys for the respondents.

RODEY, Judge, delivered the following opinion:

The issue here is raised by a demurrer to the bill on the ground that the whole proceeding is a probate matter, of which this court has no jurisdiction.

The allegations of the bill in substance set forth that the complainant is the natural daughter of one Damian Morell y Pons, a native of the island of Mallorca, who came to Lares, Porto Rico, in about the year 1870, and engaged in business at that place, becoming a member of the firm of Marquez & Company. That between that year and the year 1880 he lived illicitly with complainant's mother and had two children by her, one of whom died in infancy, the other being the complainant. That in the latter year he married the respondent Ysabel Hernandez y Bello, and thereafter there was born to them the other three respondents. That in about the year 1889, said Damian Morell y Pons and his said entire legitimate family removed from Porto Rico to the island of Mallorca, where he died ten years later, in 1899. That probate proceedings were had in Mallorca by which the widow and legitimate children alone were declared to be heirs to the estate. That one of the children came to Porto Rico, and afterwards removed to New York. That no probate proceedings of any kind or character have ever been had in Porto Rico, although there is in the island a large estate which belonged to the deceased, and which the said four heirs have partitioned among themselves extrajudicially by some sort of a notarial instrument. Many details are given in the bill regarding the living together of complainant's mother and the said deceased before his marriage to the respondent Ysabel Hernandez y Bello, and many particulars are given as

Dumey v. Hernandez y Bello.

to his support of complainant's mother and complainant for many years thereafter, and the manner in which he procured his firm here on the island to make stated payments of money to complainant and her mother for years after he had left the island is fully set forth. The estate in Porto Rico and elsewhere is alleged to be worth a large amount of money, and the value of $50,000, put upon it by respondents in the notarial partition instrument, is alleged to be ridiculously low.

The prayer is that the complainant be declared to be a recognized natural child of the deceased, and entitled to an undivided one sixth of his estate, and that the notarial partition of the estate be set aside, and the proper portions thereof given to each of the heirs, including complainant, by a proper decree.

Full argument was had upon the demurrer. On October 29th last we sent a memorandum to the files, wherein we held that we could not see that this case differed in principle from Amsterdam v. Puente, 3 Porto Rico Fed. Rep. 447. We therefore at that time held that the demurrer should be sustained and the cause dismissed. Thereafter, the advance sheets of the opinion in the case of Waterman v. Canal-Louisiana Bank & T. Co., decided November 8, 1909, by the Supreme Court of the United States, came to hand, and because of that decision, counsel in this case moved for a rehearing, which we accorded.

We have again read the bill in this case and its prayer; and while we think the prayer is a little broader than it ought to be, still that matter need not bar the suit. We notice that Mr. Justice White, who delivered the opinion of the court in Farrell v. O'Brien (O'Callaghan v. O'Brien) 199 U. S. 89, 50 L. ed. 101, 25 Sup. Ct. Rep. 727, dissents in the Waterman-Canal-Louisiana Case, supra. The question as to the jurisdiction of

Federal courts in matters trenching on probate jurisdiction is a close one, but we feel that the case at bar is clearly within the ruling in the Waterman-Canal-Louisiana Case, which is the latest voice of the Supreme Court of the United States on the subject, and which is, of course, binding here. Therefore we are constrained to obey the implied mandate, and hold that the demurrer here should be overruled.

An order will therefore be entered, setting aside the order sustaining the demurrer, and reinstating the cause, and the respondents will be required to further plead or answer within fifteen days.